IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

| | |
|---|---|
| BRIAN RANDOLPH WALSH         ) | |
|            Plaintiff,        ) | |
|                              ) | |
| v.                           ) | Civil Action No. TMD 10-3259 |
|                              ) | |
|                              ) | |
| MICHAEL J. ASTRUE,           ) | |
| Commissioner of Social Security, ) | |
|                              ) | |
|            Defendant.        ) | |

MEMORANDUM OPINION GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT

Brian Randolph Walsh ("Plaintiff" or "Claimant") brought this action under 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of the Social Security Administration ("Commissioner"), denying his claim for Supplemental Security Income ("SSI") under Title XVI and of the Social Security Act, 42 U.S.C.§§ 1381-83(c).  Before the Court are Plaintiff's Motion for Summary Judgment (Pl.'s Mot. Summ., ECF No. 17) and Defendant's Motion for Summary Judgment. (Def.'s Mot. Summ., ECF No. 23).  No hearing is deemed necessary.  Local Rule 105.6 (D. Md.).  For the reasons presented below, Defendant's Motion for Summary Judgment is GRANTED.

I. Procedural History

Plaintiff filed his application for SSI on September 20, 2007 alleging disability since September 1, 2007 on the basis of a learning disability, bipolar disorder, alcoholism and knee injury. R. at 10, 95-101, 135.  His claim was denied initially and on reconsideration.  R. at 56, 58-61, 57, 62-63.  On February 4, 2010, a hearing was held before an administrative law judge

("ALJ") at which Plaintiff and a Vocational Expert ("VE") testified. R. at 23-55. In a decision dated March 7, 2010, the ALJ denied Plaintiff's request for benefits. R. at 10-19. The Appeals Council denied Plaintiff's request for review rendering the ALJ's decision the final decision subject to judicial review. R. at 1-3.

## II. ALJ's Decision

The ALJ evaluated Plaintiff's claim for SSI used the sequential process set forth in 20 C.F.R. § § 416.920. At the first step, the ALJ determined that Claimant had not engaged in substantial gainful activity since his alleged onset date. At step two, the ALJ determined that Claimant suffered from the following severe impairments: depression, alcohol dependence, in early part remission, a history of hernia, and obesity. At step three, the ALJ found that his impairments met Sections 12.04 (Affective Disorders) and 12.09 (Substance Addiction Disorders) of the Listings of Impairments set forth in 20 C.F.R. pt. 404, subpt, P, app. 1. However, the ALJ concluded that if Claimant stopped the substance abuse, his impairments would not meet or equal in severity any Listing. The ALJ concluded at step four that, given his Residual Functional Capacity ("RFC") Plaintiff was not capable of performing his past relevant work. At step five, the ALJ concluded that if Claimant stopped the substance abuse, he was capable of performing jobs that existed in significant numbers in the national economy. Accordingly, he concluded that Claimant was not disabled. R. at 10-19.

## III. Standard of Review

The role of this court on review is to determine whether substantial evidence supports the Commissioner's decision and whether the Commissioner applied the correct legal standards.

42 U.S.C. § 405(g)(1994 & Supp. V 1999); *Pass v. Chater*, 65 F.3d 1200, 1202 (4th Cir. 1995); *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). It is more than a scintilla, but less than a preponderance, of the evidence presented. *Shively v. Heckler*, 739 F.2d 987, 989 (4th Cir. 1984). It is such evidence that a reasonable mind might accept to support a conclusion, and must be sufficient to justify a refusal to direct a verdict if the case were before a jury. *Hays*, 907 F.2d at 1456 (quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)). This court cannot try the case *de novo* or resolve evidentiary conflicts, but rather must affirm a decision supported by substantial evidence. *Id.*

## IV. Discussion

Plaintiff argues that the ALJ erred (1) in finding that Claimant could perform unskilled work if he stopped his substance abuse; and (2) in his analysis of his obesity.

### A.   Substance Abuse

If an ALJ finds that a claimant, who has medical evidence of drug addiction or alcoholism, is disabled, the ALJ must then determine whether the addiction or alcoholism is a contributing material factor to the determination of disability. 20 C.F.R. § 416.935(a). The key factor is whether the ALJ would still find the claimant disabled if the drug or alcohol use stopped. 20 C.F.R. § 416.935(b)(1). To make this determination, the ALJ evaluates which of the claimant's current physical and mental limitations would remain if the claimant stopped using

drugs or alcohol and then determines whether any or all of the remaining limitations would be disabling. C.F.R. § 416.935(b)(2). If the ALJ determines that the remaining limitations would not be disabling, then the ALJ will find that the drug addiction or alcoholism is a material contributing factor and a determination of disability is prohibited. 20 C.F.R. § 416.935(b)(2)(i). The burden to prove that substance abuse is not a contributing factor material to his disability lies with the claimant. *Brown v. Apfel,* 192 F.3d 492, 498 (5th Cir.1999).

Here, the ALJ determined that Plaintiff met Listings 12.04 and 12.09.  In doing so, the ALJ gave "significant evidentiary weight" to the opinion of Dr. Morris who completed a Mental Impairment Questionnaire in August, 2009.  R. at 293-98.  Dr. Morris opined that Claimant suffered from decreased energy, sleep disturbance and difficulty concentrating among other things.  R. at 294.  The ALJ found that these limitations satisfied the Paragraph "A" criteria of Listings 12.04 and 12.09.  R. at 13.  With respect to the Paragraph "B" criteria, the ALJ also relied on the opinion of Dr. Morris that Claimant's mental impairments caused marked restriction in daily living, moderate difficulties in maintaining social functioning, marked difficulties in maintaining concentration, persistence or pace and three episodes of decompensation.  R. at 13, 297.  Accordingly, the "B" criteria was also satisfied.[1]

However, as indicated above, the ALJ determined that Plaintiff's substance use was a contributing material factor to the determination of disability and that Plaintiff would not be

---

[1] Section A describes relevant symptoms ( *e.g.,* appetite disturbance, sleep disturbance, decreased energy, etc.); Section B describes the required effects of those symptoms ( *e.g.,* "[marked restriction of activities of daily living," "marked difficulties in maintaining social functioning," etc.); and Section C describes the criteria for determining whether the claimant

disabled if he stopped his substance use. R. at 13.   Plaintiff argues that in making this determination, the ALJ did not give appropriate weight to Dr. Morris' opinion that in the "absence of alcohol use [Claimant] would still suffer from a mood disorder." R. at 298.  He questions how the ALJ fully credited Dr. Morris' findings above with respect to the listing criteria but discredits this opinion found in the same report.

At the outset, the Court notes there is nothing inherently wrong about crediting part of a treating physician's report while discrediting another.   Although perhaps unusual, the inquiry here continues to be whether substantial evidence supports the ALJ's decision to afford Dr. Morris' opinion less weight despite her status as a treating physician.  A treating physician's opinion is given controlling weight if it is well-supported by medically acceptable clinical evidence and not inconsistent with other substantial evidence of record. *See* 20 C.F.R §§ 404.1527(d)(2), 416.927(d)(2); *Mastro v. Apfel,* 270 F.3d 171, 178 (4th Cir.2001). However, "if a physician's opinion is not supported by clinical evidence or if it is inconsistent with other substantial evidence, it should be accorded significantly less weight." *Craig v. Chater,* 76 F.3d 585, 590 (4th Cir.1996); 20 C.F.R. §§ 404.1527(d)(4), 416.927(d)(4). "Under such circumstances, the ALJ holds the discretion to give less weight to the testimony of a treating physician in the face of persuasive contrary evidence." *Mastro,* 270 F.3d at 178.

The Court finds that the ALJ's decision to afford less weight to Dr. Morris' opinion, despite her status as a treating physician is supported by substantial evidence.  Contrary to Plaintiff's assertion that the ALJ substitutes his own judgment for that of his treating physician,

---

has a qualifying "chronic affective disorder." 20 C.F.R. Pt. 404, Subpt. P, App. 1.

5

the ALJ cited significant portions of the record and specifically opined that if the "claimant were to stop drinking entirely, the evidence of record does not establish any continuous, 12 month period during which he was unable to engage in substantial gainful activity." R. at 16. The ALJ noted Claimant's bouts of intoxification but noted that when sober, Claimant reported no medical symptoms. In fact, the ALJ cited Plaintiff's own report that he did not have symptoms "prior to [] substance abuse or when sober for extended periods." R. at 16, 241. In that same report, it was noted that Claimant denied symptoms beyond when in active use and that he had 4 months of sobriety in past and was not on "psych meds and did not have trouble with psych symptoms." R. at 242. In June and July, 2007, Claimant was reported to have a stable mood and happy that he stopped taking Depakote and felt less mentally dulled. R. at 237-39. He appeared well groomed and cooperative and normal in all other categories. *Id.* In September, 2007, the ALJ noted that Claimant felt that he would be better suited for a program with less of a psychiatric focus. R. at 16, 234. Indeed, Dr. Mullen, Claimant's treating psychiatrist, consistently reported Claimant to suffer from "substance induced mood disorder." *See, e.g.* R. at 233-40. When going through detoxification, Claimant was reported as in no acute distress, alert, oriented with nonfocal neurological evaluation. R. at 218. He was reported as medically stable. *Id.* On discharge from the hospital from detoxification, he was reported as alert and oriented to self, place, time and situation. He denied hallucination, delusion, obsession, compulsion or phobia, suicidal or homicidal thoughts. R. at 221.

    The ALJ also found Claimant's activities of daily living inconsistent with his allegations of disabling pain. R. at 15-16. Claimant reported that he was able to take care of his personal

needs, perform light household chores, shop, use public transportation, and socialize to some extent.  R. at 147-56.  Additionally, Claimant testified he can walk up to three or four blocks without pain.  R. at 32.  The ALJ also relied upon the opinions of the DDS physician who reported in December 2007 that while Claimant suffered from marked difficulties in maintaining concentration, persistence or pace, he suffered only a moderate restriction in activities of daily living, only mild difficulty in maintaining social functioning and no episodes of decompensation.  R. at 16, 260.  In sum, all of this evidence, in addition to other evidence cited by the ALJ, supports his finding that Claimant's substance use disorder was a contributing material factor to the determination of disability.

    B.    <u>Obesity</u>

Citing to the ALJ's statement that "[t]he record shows that the claimant is obese [and] [t]herefore those considerations have been taken into account", Plaintiff asserts that the ALJ did not properly analyze his obesity.  R. at 14.  If that were the only analysis the ALJ had done regarding Claimant's obesity, the Court agrees that the ALJ would have erred.  However, only a cursory reading of the ALJ's opinion demonstrates that he properly considered Claimant's obesity at each relevant step of the sequential evaluation.  At step two, the ALJ found his obesity to constitute a severe impairment.  R. at 12.  The ALJ accurately summarized SSR 02-1p and clearly limited his standing for no longer than 45 minutes to an hour at a time noting that this was consistent with his obesity as well as history of hernia.  R. at 14, 17.  Plaintiff does not point to any evidence in the record which would suggest a more restrictive RFC than that found

by the ALJ.  *See, e.g.*  R. at 147-56 (Claimant's report of daily activities).  The Court finds the ALJ did not err with respect to his consideration of Claimant's obesity.

### V.  Conclusion

Based on the foregoing, Defendant's Motion for Summary Judgment is GRANTED.  A separate order shall issue.


Date: March 8, 2012                             _____/s/_____
                                                THOMAS M. DIGIROLAMO
                                                United States Magistrate Judge


Copies to:
Jonathan Bromberg
Bromberg Rosenthal LLP
401 N. Washington St., Suite 500
Rockville, MD 20850

Allen F. Loucks
Assistant United States Attorney
United States Courthouse
101 West Lombard Street
Baltimore, Maryland 21201-2692